UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT E PERDUE,

        **Plaintiff,**

        v.

SECRETARY US DEPARTMENT OF
VETERANS AFFAIRS, DEPUTY
CHIEF EMS CRAIG EMMANUEL,
CHIEF OF EMS JEFF SOLIS,
DIRECTOR OFFICE BRIAN DYER,
HR CHIEF VISN JESSICA GARRETT,
SHAWN DAVIS, MARI MONROE,
MELANIE CHAMBERS, TERENCE
COLEY, ANGELIA HIGGINS,
TABITHA GORDON,

        **Defendants,**

_____/

**Case No.: 5:26-cv-00140-KCD-PRL**

**ORDER**

The Plaintiff, Robert Perdue, who is proceeding pro se, filed this action against the Secretary US Department of Veterans Affairs, Deputy Chief EMS Craig Emmanuel, Chief of EMS Jeff Solis, Director Office Brian Dyer, HR Chief VISN Jessica Garrett, Shawn Davis, Mari Monroe, Melanie Chambers, Terence Coley, Angelia Higgins, and Tabitha Gordons. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

Plaintiff's form complaint includes about two pages of handwritten vague, conclusory allegations. Plaintiff purports to allege a claim for conspiracy and for deprivation of constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments. (Doc. 1 at 4-5). Plaintiff cites employment discrimination, conspiracy, abuse of power, harassment, and basic principles of the founding fathers. As best can be discerned from the allegations of the complaint, Plaintiff's claims may arise from denial of employment at some point in the past. Plaintiff states that defendants knowingly tampered with witnesses to deny employment during proceedings from 2018 to 2016. (Doc. 1 at 5). Plaintiff demands, among other relief, $2.2 million in punitive damages.

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not

required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Liberally read, the complaint fails to state a plausible claim under § 1983 or for employment discrimination against any of the defendants. The conclusory allegations in the complaint do not sufficiently constitute a factual basis for Plaintiff's claims. Indeed, Plaintiff's claims are so incomprehensible that it makes the Court's review under § 1915 nearly impossible.

While it is highly doubtful Plaintiff will be able to allege a viable claim, out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **April 6, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

DONE and ORDERED in Ocala, Florida on March 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties